IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SISAVATH PHOTHISENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-1395-M |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

REPORT  AND  RECOMMENDATION

Petitioner, who appears *pro se*, filed this Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States

Immigration & Customs Enforcement ("ICE").  On January 23, 2007, Respondents Gonzales,

Chertoff, and Prendes moved to dismiss the Petition, asserting that the Petition is moot as a

result of Petitioner's release from ICE custody pursuant to an Order of Supervision on

January 18, 2007.[1]  Although Petitioner was advised of his right to respond to the Motion to

Dismiss, Petitioner has not done so within the time allotted for a responsive pleading. The

matter has been referred to the undersigned Magistrate Judge for initial proceedings

---

[1]Respondents initially asserted in their Motion to Dismiss that Petitioner had been
released from ICE custody on January 28, 2007.  However, in a Notice of Correction as to
Release Date filed by Respondents on January 24, 2007 (Doc. # 11), Respondents advised
that a scrivener's error had occurred in identifying the actual date of Petitioner's release from
ICE custody and that Petitioner's actual date of release from ICE custody was January 18,
2007.

1

consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be dismissed as moot.

When Petitioner filed the instant habeas action, Petitioner was in the custody of the ICE and being detained at the Oklahoma County Detention Center in Oklahoma City, Oklahoma.  Petitioner alleged that he had been in ICE custody since May 1, 2006, that he had been ordered removed by immigration authorities in May 2004, and that in light of the Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001)[2], his continued detention under 8 U.S.C. § 1231(a)(6) violates the statutory authority granted to the ICE to detain him pending his removal to his native Laos.  Petitioner further contends that his continued detention violates his substantive and procedural due process rights.  As relief, Petitioner seeks his immediate release from custody.

In their Motion to Dismiss the Petition, Respondents state that Petitioner is a native of Laos, that Petitioner was admitted to the United States as an immigrant in 1981, and that Petitioner was convicted in Oklahoma in 2003 for two drug-related offenses and sentenced to a 5-year term of imprisonment for each conviction.  Petitioner was paroled from his state

---

[2]In Zadvydas, the Supreme Court construed a provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 that authorizes post-removal detention of various groups of aliens and concluded that this provision, 8 U.S.C. § 1321(a)(6), does not provide statutory authority for the federal immigration agency to indefinitely detain legally admitted, but removable, aliens where removal is not reasonably foreseeable. Id. at 697-699. The Court found that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which the Court presumed to be six months, unless the agency shows that there is a "significant likelihood of removal in the reasonably foreseeable future." Id. at 698-701.

sentence and placed in ICE custody. Removal proceedings were initiated, and Petitioner was ordered removed from the United States based upon his conviction for an aggravated felony on March 18, 2004. Petitioner was released from ICE custody pursuant to an order of supervision on September 29, 2004. Petitioner subsequently violated the terms of his state parole and was returned to state custody. When he was released from state confinement, Petitioner was again placed in ICE custody on May 1, 2006. With the Motion to Dismiss the Petition, Respondents have provided documentary evidence reflecting that on January 18, 2007, Petitioner agreed to the requirements of an Order of Supervision and was released from the custody of ICE because the agency had not effected his removal to his native country. In view of Petitioner's release from ICE custody during the pendency of this proceeding, Respondents urge that the Petition be dismissed on the ground of mootness.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690 (10th Cir.)(citing Spencer v. Kemna, 523 U.S. 1 (1998)), cert. denied, 525 U.S. 1005 (1998). In order to satisfy the Article III case or controversy requirement, the "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 478 (1990)(quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

Because Petitioner was in custody when he filed the Petition, this Court had

jurisdiction pursuant to 28 U.S.C. § 2241(c)(1) to review the Petition at the time of filing. However, Petitioner is no longer indefinitely detained in ICE custody. Because his circumstances have changed since the initiation of this action, the issue is therefore whether this Court has jurisdiction to review the merits of the Petition in light of Petitioner's release from custody on an Order of Supervision. Standing necessary to pursue a claim in federal court under Article III of the United States Constitution requires that the litigant have suffered an "injury in fact" that is "concrete" as opposed to "abstract" or "hypothetical" and represents a harm that is "likely to be redressed by a favorable decision." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)(internal quotations and citations omitted). Any claim that Petitioner's conditional release will be revoked in the future would be purely speculative, and Petitioner has made no showing of an actual injury surviving his release. See id. at 158 ("threatened injury must be 'certainly impending' to constitute injury in fact")(quoting Babbitt v. Farm Workers, 442 U.S. 289, 298 (1979)). Accordingly, there is no case or controversy for judicial review, and there is no evidence of bad faith by the government with respect to Petitioner's release.[3] Hence, the Petition is moot, and Respondents' Motion to Dismiss should be granted on the ground of mootness. See Suarez-Tejeda v. United States, No. 02-6341, 2004 WL 68758 (10th Cir. Jan. 16, 2004)(unpublished op.)(dismissing appeal of section 2241 petition challenging continued immigration detention on ground that alien's

---

[3] See 19 Solid Waste Dep't Mechanics v. City of Albuquerque, 76 F.3d 1142 (10th Cir. 1996)(discussing exception to mootness where party causes mootness by taking action in bad faith attempt to render a legal proceeding moot).

conditional parole during pendency of appeal mooted petition); Quinones-Molinar v. United States Immigration & Naturalization Serv., No. 01-7731, 2002 WL 347786 (4th Cir. Mar. 6, 2002)(*per curiam*)(unpublished op.)(dismissing on ground of mootness the appeal of deported alien challenging his continued immigration detention).


## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED AS MOOT.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___March 8th___ , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___16th___ day of ___February___ , 2007.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE